SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESUS VALDEZ BERMUDEZ, | No. C 07-2983 VRW (PR) |
| Petitioner, | |
| v. | **RETURN IN OPPOSITION TO PETITION FOR A WRIT OF HABEAS CORPUS** |
| PETER KEISLER, Acting Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; NANCY ALCANTAR, Field Director of Detention and Removal of Immigration and Custom Enforcement, | |
| Respondents. | |

I. INTRODUCTION

Petitioner Jesus Valdez Bermudez, a criminal alien, detained on behalf of the United States Immigration and Custom Enforcement ("ICE"), has filed this *pro se* petition for a writ of habeas corpus under 28 USC § 2241, challenging the denial of his application for release on bail pending removal proceedings. Petitioner was ordered removed by the Board of Immigration Appeals ("BIA") on February 9, 2007. Petitioner timely appealed that decision to the Ninth Circuit Court of Appeals, Petition for Review No. 07-70733. A stay of removal was granted by the Ninth Circuit on July 26, 2007.

Respondents hereby respond to the Court's July 24, 2007 Order to Show Cause and oppose the

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-2983 VRW

1  habeas petition.

## II.  BACKGROUND

Petitioner last entered the United States on or about September 18, 1984, as an immigrant. *See* Declaration of Ila C. Deiss ("Deiss Decl."), Exhibit 1.  In 1985, Petitioner was convicted of credit card forgery. *Id*.  In 1994, he was convicted of grand theft. *Id.*  In 2001, he was convicted of second-degree burglary and attempted forgery and sentenced to prison for two years. *Id.*  In 2002, he was convicted of forgery and receiving stolen property. *Id.*  He received three years consecutive sentences on each of the 2002 counts. *Id.*

In 2002, the former Immigration and Nationality Service placed Petitioner in removal proceedings by serving him with a Notice to Appear ("NTA").  Deiss Decl., Exhibit 1.  Petitioner was charged with, among other things, being removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. 1227(a)(2)(A)(iii), because he had been charged with aggravated felonies as defined in sections 8 U.S.C. §§ 101(a)(43)(G) and (R). *Id*.

On May 1, 2006, the Immigration Judge ("IJ") denied Petitioner's requests for relief from removal, finding him to be an aggravated felon, ordered Petitioner removed, and denied Petitioner release on bond.  Deiss Decl., Exhibit 2.  Petitioner timely appealed to the Board of Immigration Appeals ("BIA") and, on February 9, 2007, the BIA upheld the IJ's order of removal and denial of release on bond.  Deiss Decl., Exhibit 3.  The BIA found no fault in the IJ's finding that Petitioner's conviction of an offense relating to forgery for which he received a sentence of three years' imprisonment alone constituted an aggravated felony and sufficient basis for removal. *Id.*

On February 23, 2007, Petitioner timely appealed to the Ninth Circuit Court of Appeals and moved for a stay of removal.  Deiss Decl., Exhibit 4.  On July 26, 2007, the Ninth Circuit granted Petitioner's motion for a stay of removal. *Id.*  On September 13, 2007, the Ninth Circuit denied Petitioner's request for release pending appeal. *Id.*

On May 10, 2007, Petitioner was served with a Decision to Continue Detention Following File Review, whereby ICE determined to continue detention pending review of Petitioner's final administrative order of removal by the Ninth Circuit Court of Appeals.  Deiss Decl, Exhibit 5.

On May 29, 2007, Petitioner filed this habeas petition under 28 U.S.C. §2241, arguing that his

detention is indefinite. Petitioner also argues that none of his convictions were aggravated felonies or crimes of moral turpitude and, therefore, he should have been entitled to independent bail hearings.

Petitioner moved the IJ for what the IJ construed as a bond redetermination. Deiss Decl., Exhibit 6. On July 25, 2007, the IJ denied Petitioner's motion, finding that he had no jurisdiction of such a request because Petitioner has been convicted of an aggravated felony, namely a forgery offense with a sentence of at least one year. *Id.*

On July 24, 2007, this Court dismissed one of Petitioner's petitions as duplicative and dismissed any "claims that his continued detention pending deportation is unlawful as duplicative of his earlier action raising the same claim." July 24, 2007 Order at 3.

### III. LEGAL STANDARDS

This Court may entertain a petition for a writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3).

The limits on district court federal habeas corpus jurisdiction introduced by the REAL ID Act apply only to challenges of orders of removal. *See id.* § 106(a)(1), 119 Stat. at 310 (a petition for review shall be the "sole and exclusive means for judicial review of an order of removal") (emphasis added). Legislative history confirms that the REAL ID Act does not divest district courts of habeas review over other claims: "section 106 will not preclude habeas review over challenges to detention that are independent of challenges to removal orders. Instead, the bill would eliminate habeas review only over challenges to removal orders." H. R. Rep. No. 109-72 (2005).

### IV. ARGUMENT

**A.     Petitioner Was Convicted of an Aggravated Felony for the Purposes of Removal Proceedings**

As an initial matter, to the extent Petitioner is challenging whether his convictions are aggravated felonies, such claims properly belong, and are, with the Ninth Circuit Court of Appeals under 8 U.S.C. § 1252, as amended by the REAL ID Act. *See Morales-Alegria v. Gonzales*, 449

F.3d 1051, 1053 (9th Cir. 2006) (reviewing *de novo* and holding that a conviction for forgery under Cal. Penal Code § 476(c) is an aggravated felony for the purposes of removal proceedings).

In any event, pursuant to INA section 237(a)(2)(A)(iii), an alien who, at any time after admission, is convicted of an aggravated felony-defined to include "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year,"  8 U.S.C. § 1101(a)(43)(R) - may be removed from the country. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  The government charged Petitioner with removability for having committed an aggravated felony for which he was sentenced to more than one year.  Deiss Decl., Exhibit 1.  The ultimate basis for the removal was his prior conviction under California Penal Code § 475, entitled, "Forgery; possession or receipt of items; intent to defraud" which satisfies 8 U.S.C. § 1101(a)(43)(R).[1]  Deiss Decl., Exhibit 3.

### B. Petitioner is Being Lawfully Detained

Section 236 of the Immigration and Nationality Act ("INA"), 8 U .S.C. § 1226, provides the framework for the arrest, detention, and release of aliens in removal proceedings.  Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.  The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1).  INA § 241(a)(1)(B) provides that:

The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).  Thus, pursuant to Section 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under Section 236 until the court renders its decision. *See Ma v. Ashcroft*, 257 F.3d 1095, 1104 n. 12 (9th Cir. 2001) (stating, "[i]f the removal order is stayed pending judicial review, the

---

[1]Cal. Penal Code 475(c) reads:
> Every person who possesses any completed check, money order, traveler's check, warrant or county order, whether real or fictitious, with the intent to utter or pass or facilitate the utterance or passage of the same, in order to defraud any person, is guilty of forgery.

ninety day period begins running after the reviewing court's final order."). Here, as noted above, the Ninth Circuit issued a stay of removal pending its review of Petitioner's removal order in July 2007, and the petition for review remains pending. Deiss Decl., Exhibit 4.

Therefore, as the removal period has not yet begun, Petitioner's detention is arguably still governed by INA § 236. Section 236(c)(1), 8 U.S.C. § 1226(c) directs the Attorney General to take into custody any alien who:

(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
(B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
(D) is inadmissable under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, when the alien is released . . .

INA § 236(c), 8 U.S.C. § 1226(c). Petitioner is being detained pursuant to INA § 236(c)(1)(B) because his conviction under California Penal Code § 475(c) constituted an aggravated felony.

C.   **Petitioner's Due Process Rights Were Not Violated**[2]

Petitioner argues that his Due Process rights were violated because he did not receive a fair hearing on his application for bail pending removal proceedings. It is undisputed that "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678 (2001). Furthermore, an alien's freedom from imprisonment "lies at the heart of the liberty that

---

[2]To the extent Petitioner argues that he is being held indefinitely in violation of *Zadvydas*, 533 U.S. at 678, this Court dismissed those claims. *See* July 24, 2007 Order at 3. In any event, Petitioner's reliance on *Zadvydas* is misplaced because, as discussed above, the 90-day removal period has not yet commenced. Moreover, Petitioner has not demonstrated that his removal is not significantly likely in the reasonably foreseeable future. Rather, the only thing preventing petitioner's removal is his Petition for Review and related stay of removal. Once the Ninth Circuit decides his appeal, ICE will remove or release petitioner. *See Cruz-Ortiz v. Gonzales*, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. Feb. 2007)( holding that detention during the appeal of a final removal order is voluntary if a stay of removal is requested by petitioner). Thus, contrary to the petitioner in *Zadvydas*, Petitioner's detention is neither "indefinite" nor "potentially permanent." *Zadvydas*, 533 U.S. at 690-91. Accordingly, Petitioner has failed to make a threshold showing of indefinite detention.

Clause protects ." *Id*. at 690. The Supreme Court has specifically recognized, however, that detention during removal proceedings is a constitutionally permissible part of that process. *Demore v. Kim*, 538 U.S. 510, 523 (2003) (holding that the mandatory detention of criminal aliens during removal proceedings under INA § 236(c) is constitutionally valid even where there has been no individualized determination as to the alien's risk of flight and dangerousness to the community).

After ICE takes an alien into custody and orders him mandatorily detained under § 1226(c), a "*Joseph* hearing" before an IJ is "immediately provided" if the alien claims he is not covered by mandatory detention as provided in INA § 236(c), 8 U.S.C. § 1226(c). *Demore v. Kim*, 538 U.S. at 514 n. 3; *see also* 8 C.F.R. §§ 236.1(d)(1) & 1236.1(d)(1) (explaining that an IJ may redetermine the initial custody and bond determination of the district director any time before a final deportation order); § 1003.19(h)(1)(ii) (providing that an alien may seek a "determination by an immigration judge that the alien is not properly included" within § 1226(c)). "At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Kim*, 538 U.S. at 514 n. 3 (citations omitted). Per *In re Joseph*, 22 I. & N. Dec. 799 (BIA 1999), a *Joseph* hearing provides an alien "the opportunity to offer evidence and legal authority on the question whether the Service has properly included him within a category that is subject to mandatory detention." *Id.*

"If the IJ determines the alien does fall within § 1226(c), then he is without authority to conduct an individualized bond determination." *See* 8 C.F.R. § 1003.19(h)(1)(i)(E). Here, the IJ squarely found that Petitioner was removable because of his conviction of an aggravated felony, and found that he fell within the ambit of mandatory detention. Deiss Decl., Exhibit 2. The finding that Petitioner was removable as an aggravated felon was upheld by the BIA. Deiss Decl., Exhibit 3.

With regards to his subsequent application for bond before the IJ, Deiss Decl., Exhibit 6, once Petitioner's removal order became final in February 2007, the IJ and the BIA no longer had jurisdiction over his custody determination. *See* 8 C.F.R. § 236.1(d)(1) (immigration judges have

1 | jurisdiction to review the district director's initial custody determination "at any time before an
2 | order under 8 CFR § 1240 becomes final"); *see also In re Valles-Perez*, 21 I. & N. Dec. 769, 772,
3 | 1997 WL 80986 (BIA 1997) ("[Indeed,] an Immigration Judge is divested of jurisdiction over a
4 | bond proceeding . . . upon the entry of an administratively final order of deportation."). Petitioner
5 | is not eligible for release on bond. Thus, Petitioner's detention meets due process requirements.

## V.  CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus should be denied.

DATED: September 24, 2007                              Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


                                                                  /s/
ILA C. DEISS
Assistant United States Attorney
Attorneys for Respondents

Return in Opposition to Petition for a Writ of Habeas Corpus
C-07-2983 VRW                                    7