IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS VALDEZ BERMUDEZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>UNITED STATES IMMIGRATION<br>AND CUSTOM ENFORCEMENT,<br><br>　　　　Respondent(s). | No C 07-2983 VRW (PR)<br><br>ORDER DENYING PETITION<br>FOR A WRIT OF HABEAS<br>CORPUS |

　　　　Petitioner, an alien detained on behalf of the United States Immigration and Custom Enforcement ("ICE") at the Kern County Correctional Facility in Bakersfield, California, seeks a writ of habeas corpus under 28 USC § 2241 challenging the denial of his application for release on bail pending removal proceedings.

　　　　Per order filed on July 24, 2007, the court found that the petition appears to state a colorable claim under § 2241 for denial of due process and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent filed an answer to the order to show cause, but petitioner did not file a traverse.

I

In 1984, petitioner entered the United States as an immigrant. In 1985, he was convicted of credit card forgery and, in 1994, he was convicted of grand theft. In 2001, he was convicted of second-degree burglary and attempted forgery and sentenced to prison for two years. In 2002, he was convicted of forgery and receiving stolen property and received three-year consecutive sentences for each offense.

In 2002, the former Immigration and Naturalization Service ("INS") placed petitioner in removal proceedings by serving him with a notice to appear. Petitioner was charged with being removable because he had been convicted of aggravated felonies and crimes involving moral turpitude.

On May 1, 2006, the Immigration Judge ("IJ") denied petitioner's request for relief from removal and found him to be an aggravated felon. The IJ ordered petitioner removed and denied him release on bond.

On February 9, 2007, the Board of Immigration Appeals ("BIA") affirmed the order of removal and the denial of release on bail pending removal proceedings.

On February 23, 2007, petitioner appealed to the Ninth Circuit and obtained a temporary stay of removal.

On May 10, 2007, petitioner was served with the ICE's decision to continue to detain him pending review of the administrative order of removal by the Ninth Circuit.

On May 29, 2007, petitioner filed the instant petition for a writ of habeas corpus under § 2241, arguing that he is entitled to a full bail hearing because none of his convictions was an aggravated felony or crime involving moral turpitude.

2

1    On July 25, 2007, the IJ denied petitioner's motion for a bond
2    "redetermination," finding that he had no jurisdiction to entertain such a request
3    because petitioner had been convicted of an aggravated felony, namely a forgery
4    with a sentence of at least one year.
5    On July 26, 2007, the Ninth Circuit granted a stay of removal pending its
6    review of the administrative order of removal.
7    On September 13, 2007, the Ninth Circuit denied petitioner's motion for
8    release on bail or on his own recognizance pending the court's review of the
9    administrative order of removal.  The Ninth Circuit noted that it lacked the
10   authority to grant such relief.

## II

12   Petitioner claims he was denied his due process right to a full hearing on
13   his application for bail pending removal proceedings.  Among other things, he
14   alleges that the IJ did not properly consider petitioner's permanent resident status
15   and mitigating evidence.  He also argues that none of his state convictions
16   constitutes an aggravated felony or crime of moral turpitude.
17   Section 236(c) of the Immigration and Nationality Act, 8 USC § 1226(c),
18   directs the Attorney General to take into custody any alien who is removable
19   from this country because he has been convicted of one of a specified set of
20   crimes.  The alien may not be released during removal proceedings, which
21   includes judicial review of the administrative removal order.  It matters not that
22   the alien is not a danger to society or a flight risk.  See 8 USC § 1226(c)(1).
23   Petitioner is being detained under § 1226(c)(1) based on his conviction
24   under California Penal Code section 475, entitled "Forgery; possession or receipt
25   of items; intent to defraud," for which he received more than one year in prison.
26   The IJ and BIA found that the conviction constituted a qualifying aggravated

3

1
2
3
4
5
6
felony under 8 USC § 1101(a)(43)(R).  Petitioner's challenge to that determination, ie, whether his state conviction constitutes an aggravated felony, is properly before the Ninth Circuit and may not be considered by this court.  See Morales-Alegria v Gonzales, 449 F3d 1051, 1053 (9th Cir 2006) (holding that conviction for forgery under California Penal Code section 476(c) is an aggravated felony for purposes of removal proceedings).

7
8
9
10
11
12
13
     Petitioner may properly bring in this court via habeas his claim of denial of his due process right to a bail hearing.  But unfortunately for him, the claim is without merit.  The Supreme Court has held that the government may detain an alien who concedes he is deportable under § 1226(c) without conducting an individualized bail hearing pending removal proceedings.  See Demore v Kim, 538 US 510, 522-23, 531 (2003).  "Detention during removal proceedings is a constitutionally permissible part of that process."  Id at 531 (citations omitted).

14
15
16
17
18
19
20
21
22
23
24
25
26
     Although petitioner here claims he is not covered by § 1226(c), the court is satisfied that the individualized review he has received (and is receiving) adequately safeguards against his being "improperly detained pursuant to § 1226(c)."  Id at 514 n3.  After ICE takes an individual into custody and orders him mandatorily detained under § 1226(c), a "Joseph hearing" is immediately provided if the detainee claims that he is not covered by § 1226(c).  Id.  At the hearing, the detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that ICE is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention.  Id (citations omitted).  A Joseph hearing provides the detainee "the opportunity to offer evidence and legal authority on the question whether [ICE] has properly included him within a category that is subject to mandatory detention."  In re Joseph, 22 I & N Dec 799 (BIA 1999).  If the IJ determines that

27
28

4

the detainee does fall within §1226(c), then he is without authority to conduct an individualized bond determination. See 8 CFR § 1003/19(h)(1)(i)(E).

Here, the record shows that the IJ conducted a formal hearing and found that petitioner was removable and subject to mandatory detention under § 1226(c) because petitioner's 2002 state forgery conviction constituted a qualifying aggravated felony. Petitioner appealed, but the BIA upheld the decision of the IJ. It simply cannot be said that the administrative review process afforded petitioner denied him due process by failing to safeguard adequately against his being "improperly detained pursuant to § 1226(c)." Kim, 538 US at 514 n3. After all, his claim that he is not covered by § 1226(c) is even subject to judicial review by the Ninth Circuit. Petitioner is not entitled to federal habeas relief on his denial of due process claim.

III

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\OTHER.07\Bermudez2.denial.wpd

5